Okay, looks like we're ready to go. Our second case is 20-1267, Nelson v. United States. Mr. Himmelfarb, you may proceed. Thank you, Your Honor. May it please the Court, Edward Himmelfarb with the Department of Justice representing the United States. I would hope to be able to reserve two minutes for rebuttal. This is a federal tort claims act case in which the district court invoked a provision of the Equal Access to Justice Act to award attorney's fees against the United States based on a state fee-shifting provision in the Colorado Recreational Use Statute. But this is not a case under the Cruse. It's a case under the FDCA. While the FDCA borrows state law for purposes of substantive liability, it establishes a federal rule for attorney's fees. Attorney's fees in an FDCA case are paid out of the judgment with a cap of 25% of the judgment. EJA recognizes this federal rule for attorney's fees by explicitly excluding cases sounding in tort from the principal fee provision in EJA. But the district court here nevertheless awarded fees against the United States because it believed that a different provision of EJA, Section 2412B, allowed a state fee-shifting provision to override the FDCA's federal rules for attorney's fees. Can I stop you for a minute? Are you saying that the Federal Tort Claims Act, where are you looking in the Federal Tort Claims Act for a prohibition? I see that an attorney, there's a limit on what an attorney can recover in a contingent fee case, but what provision specifically are you relying on? That same provision is 2678. Okay, and you're saying that that provision says an attorney is limited to 25% and that implies that you can never get attorney's fees against the government? What I'm saying, Your Honor, is that the way the FDCA has worked for literally 75 years since its enactment in 1946 is that attorney's fees come from the judgment. That's the way it's always worked. That's the federal rule that's established under 2678. And in fact, if you look at 2678, it has even more severe prohibitions on attorneys not complying with the limits on attorney's fees there. And we're unaware of any Court of Appeals decision that actually has overridden the FDCA federal rule on attorney's fees by applying state law. Now, Section 2412B is a limited waiver of sovereign immunity, and as such, it's narrowly construed in favor of the United States. That section doesn't clearly authorize an award of fees based on the fee-stripping provision of the cruise and shouldn't be interpreted to do so. It says the terms of any statute, and in that same provision, statute is used several times with no qualifier, any. And in that one place, any is used. Aren't we required to try to give meaning to that one term? Your Honor, you are, but as the Supreme Court has repeatedly said, the term any may be very broad, but it also has to be understood in context. In the context in which statute is used without any, multiple times, and it's used in that context to qualify statute, then why shouldn't one construe that to mean exactly what it says, any statute? Those are only two words in the entire statute. You have to look at the entire statute. Well, let's start with the provision that's an issue here, Section 2412B. Let me stop you first. Let's look at the sentence right before the language that Judge Holmes has pointed you to, which refers to being sued in any court having jurisdiction. Correct. I mean, that's pretty broad. That suggests to me any court, and we, this court, has interpreted that language not to be limited to, say, an Article III court, but to include a bankruptcy court. That's right. It can also mean a state court with jurisdiction over an action against the federal government. State courts don't have jurisdiction over actions against the United States. I'm sorry. A state statute that's relevant to a case against the United States. Because, again, Your Honor, you have to look at the entire provision. Let me, if you'll give me a second, let me try to explain how the provision actually works. It's a limited waiver of sovereign immunity. There are two sentences in Section 2412B. The first sentence gives us the what and the who of the waiver of sovereign immunity. The what is fees and expenses. The who is, and I quote, the prevailing party in any civil action brought by or against the United States. Now, the second sentence of 2412B gives us the contours of that waiver. It's waived to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. Now, this second sentence relates back to the first sentence and makes clear the statute it's referring to is the one that provides the civil action against the United States under which the person seeking fees is the prevailing party. The two sentences are connected and you have to understand them in that context. The other thing is that if you want to talk about the other meanings of the word statute in EJA, in every other case in EJA, the word statute means, or is limited, I'm sorry, is limited to federal statutes. And if you're Congress and you're going to change a waiver of sovereign immunity to allow a waiver in the case of a statute that's not just a federal statute, but also there's a state statute, you're going to have to say something more than any statute which specifically provides for such an award. Well, that's what you say. But I mean, the fact that every other place statute means federal statute and there specifically Congress uses to add the qualifier any, that doesn't necessarily help you. I mean, read it the other way. Your Honor, it may not help us directly, but it doesn't help the other side either, because we're talking about a waiver of sovereign immunity. And again, the waiver of sovereign immunity has to be narrowly construed in favor of the United States. Let me ask you another question. I mean, in that sentence, the last sentence, the second sentence, there's a parallel structure that appears to be set up. It says any under the common law or under the terms of any statute. Well, is it your position that the under the common law means federal common law only? Yes. Yes, it does. That's exactly what it means, Your Honor. Federal common law involves the bad faith exception or the common fund exception to the American rule. And that's why we cited the case for the Ninth Circuit called Lawrenson. And what that case says, which is confirmed by if you want to look at the legislative history. But that case says is that the reason Congress, the primary reason Congress passed each in the first place, was to apply the bad faith and common fund exceptions, the American rule to the United States. That's the primary reason. So, yes, federal common law that provides a cause of action against the United States. That's what you're talking about. No, we're talking about a case in which the United States, which I hope never happens, but acts in bad faith. No, but if I understood you correctly, the phrase any statute in the second sentence refers back to the first sentence, which speaks about causes of action against the United States. So any statute means any federal statute that provides a cause of action against the United States. Is that your position? That's our position. Okay. Then under parallel structure, any common law under common law would mean any under federal common law that provides a cause of action against the United States. Right. No, it would be under any federal common law period. Well, well, that's sort of. Well, the period there breaks down the parallels. With respect, Your Honor, I don't think so, because the second half of the under any statute, the statute refers back to the civil cause of action. The common law is not a statute. It doesn't. It's not based on the civil cause of action. So that's a different thing. It doesn't relate back in the same way that the. Well, any civil action. I mean, civil actions could be under the common law as a general matter. And so why wouldn't one expect that parallel structure to follow? Not against civil actions against the United States can't be based on any common law. Well, that's the point. I mean, the point is that that would suggest that this this referring back that you're trying to do doesn't apply, because if you accept the premise that there should be a parallel structure here, then in both instances, it's referred to federal, the federal entity, the federal thing that would allow for a cause of action against the United States. But as you say that as to the second part, but that doesn't apply to common law. Well, the point I'm trying to make, Your Honor, is that common law is different from statutes. It doesn't it doesn't apply. It doesn't relate back in exactly the same way for common law as it does for any statute specifically provides for such an award. Well, OK, but but but then there then it's not clear why this relation back that you're positing should naturally flow from the statute, I guess, is what I'm saying. If you're looking at the second sentence in the initial assertion is that the second sentence relates to the first sentence, then then that would lead me initially to believe that everything in the second sentence should relate back to the first sentence, which now you're saying that doesn't is not true. Right. Well, I'm saying it relates back differently between the common law and the statute. Those are different things. And so but the point to keep in mind, I think, during this whole thing is that in order to overcome the longstanding rule that waivers of sovereign immunity are not narrowly construed in favor of the United States. The contrary position, the position of the district court and the position of the plaintiffs here has to be clear and explicit. Otherwise, we win. It's as simple as that. That's the way it works under this traditional rule of sovereign immunity. Well, if you would talk about Adamson versus Bowen and talk about how that implicates your argument. Well, what Adamson holds is that the federal rules of civil procedure, because they have and they put in the Supreme Court for this point, they have the force of a federal statute. And therefore, because of the force of the federal statute, they should be treated as if they were a statute. Yes. They don't provide a cause of action against the United States. With your interpretation of what the second clause means in the second sentence is that that means federal statute that provides a cause of action against the United States. Well, rule 11 doesn't provide a cause of action against the United States, does it? No, it doesn't. But your honor, when you bring a cause of civil cause of action against the United States, all of the federal rules apply. And the federal rules are part of your case against the United States. And so I don't see that there's a real distinction there. I think that that's really part of your of your cause of action. It's implicit. It's built into the cause of action because those are the rules under which you operate in court. Well, let me just tease it out one more time. I don't want to beat a dead horse. But I guess the point I'm making is if if if adopting the premise of your which is your understanding of any statute, which, as I understand it, is any federal statute that provides a cause of action against the United States. Well, that language should map on to Adamson versus Bowen. But it does not map on to it to the extent that the rule 11, although it's associated with with claims against the United States, is not in itself one that provides a cause of action against the United States. Right. No, the rule does not provide. You're correct. Your honor, it does not provide a cause of action against the United States, but it's part of another cause of action. You can't invoke rule 11 without having that cause of action in the first place. All right. And so not to harp on anything, but I think that we have to remember this is a limited waiver of sovereign immunity. And the only way we can lose this case is if the if there's an explicit, clear waiver of sovereign immunity that allows state statutes to be to override the FTC's standard federal rule has been in existence for a long time. That attorney's fees come out of the judgment, but it's the FTC that incorporates state law. I mean, it's not like we aren't operating under a federal rubric to begin with. We're not just sort of, you know, willy nilly applying state law to the United States. The Congress made the decision to have this state law applied to the United States. Your honor, if you look at 2674 federal, the FTCA borrows state law for purposes of substantive liability. But there are many different aspects of the FTCA that are that are ignore state law that are that are under federal law. For example, there's no prejudgment interest no matter what state laws. There's no punitive. There are no non-monetary damages under the FTCA. And as relevant here, you can't apply attorney's fees provisions of state law to the United States because they're not substantive. Those are non-substantive provisions. They're not borrowed for purposes of 2674. I'm sorry, your honor. You say that the FTCA tells us that we can't apply state attorney's fees laws. The only thing you're pointing to is the limitation on contingent fees. Correct. Well, that whole that whole provision is relevant because the provision works on the assumption that it's been in existence for 75 years. That when you bring a lawsuit under the FTCA, you're going to take the fees out of the judgment. You're not going to be able to sue the United States, ask the United States to pay back your fees. It's never been that way. It's always been that you take the fees come out of the judgment. That's the way it's always been. Let me ask you this. This is an affirmative defense under the Colorado recreational use statute that was raised by the United States. If the United States had prevailed, it would be entitled to its attorney's fees. No, it wouldn't, your honor. It would not. There's no way we can get attorney's fees under the FTCA. It's just that doesn't happen. We can't seek attorney's fees based on the state statute like that. And what what do you point to in the FTCA that says the United States can't recover attorney's fees if it prevails, even if awarded under the state law that's incorporated? There's nothing that says we can do it. And it's not the practice to try to do it. There's no basis that such district court was speculating completely that we would do that or that we could do that. But we certainly would not. Well, whether you would not do it doesn't mean that the plain terms of the statute wouldn't allow you to do it. I mean, they wouldn't allow us to do it because it's practice. Your honor, just to repeat myself a little bit. The FTCA borrows state law for purposes of substantive liability, not for purposes of attorney's fees or any of these other collateral issues that I've talked about before. So it's not a part of the FTCA. The point on it. What's the what is the the best authority you have that would support your position? Now, because I'm not talking about practice now, what you've done, what it's always been. What is the law? What is the best authority you have to support the position you have in terms of interpreting the statute? I think you go to Ardestani against INS and that Supreme Court in 1991, which we talked about in the brief. And that talks about limited waivers of sovereign immunity. And what they do in that case is that there's a there's a clause in the EJ. It refers to under Section 554. This is for administrative cases. And what they did there is they went through and they looked at there was a question about what that meant. What did it mean under 554 that it was controlled, it was governed by 554? Or did it mean that it was comparable to cases that were under 554? And so they went through and they looked at all the other uses of under in the statute in EJ. And they came to the conclusion that that better view was that it meant that these are matters that are actually governed by Section 554. And so they also mentioned that waivers, limited waivers of sovereign immunity are construed in favor of the United States. So those two principles are in the decision. Thank you. Right. Thank you, counsel. Your time's expired. So I do remember this case from it seems like about 10 years ago. And I think Judge McHugh was on this. So this is your third time up here. I don't know if you've argued every time, Mr. Batchelder, but welcome back. You may proceed when you're ready. Thank you, Your Honor. And thank you to the court. This is actually my first appearance in the attempted circuit. So I have some nerves. That's my fault. No one else's. So my name is Dean Batchelder. I'm of the firm Burke Simpson, Eldridge Hirsch and Jardine, D.C. on behalf of the plaintiffs at the trial court and the appellates here, James Wilson and Elizabeth Varney. The Equal Access to Justice Act, the point of that act is to treat as relevant here, the United States, the same as any other party. And under 28 U.S.C. 2412B, it specifically says this. It specifically says in that second sentence, the United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. Now, the United States, at the outset of this case back in 2011, the United States put the Colorado Recreational Use Statute, or CREWS, put it at issue. It's fine that it did that. It's its right to do that. But it said this is a bar to liability in this case. And Your Honor, you may recall the facts of the case that Mr. Nelson was grievously injured on academic property, Air Force Academy property. He brought a claim under the Colorado Premises Liability Act. And as I said, the United States put CREWS at issue saying, no, this is a bar to liability. Let me interrupt you for one minute. He brought a claim for negligence, right? Under the Premises Liability Statute, yes, ma'am. And then they asserted the affirmative defense. That's correct, Your Honor. The government asserted CREWS as a defense before the trial court. And so my question is, do we focus on the fact that this was a tort claim, rather than focusing on the fact that the affirmative defense included an attorney's fees provision? But for the affirmative defense, there'd be no attorney's fees issue here, right? Oh, that is correct, Your Honor. Yes. The PLA or the plaintiff's claims did not have an attorney's fees provision associated with them. It is solely under CREWS that there is a fee shifting provision. And I think I hope to answer the substance of your question. Looking at 2412B, it says any statute. And we disagree with the government that the language, any statute in the Equal Access to Justice Act, that is not tied back in some way to the cause of action. And so looking at CREWS, the district court was correct to determine that it permits an award of fees, right? Actually, there it's mandatory. Looking at the EAJA 2412B, it permits an award of attorney's fees. And I do want to be clear, we have not asserted, we've never actually asserted that 2412D applies. That's not what we're discussing here. That has an express statement that tort actions are excluded. And so that's not where we're proceeding. Oh, I'm sorry. Go ahead. Finish your thought. Oh, no, Your Honor. It's just we're proceeding under 2412B. Let me understand one thing. Is it in fact the case that really the sole issue here is the district court's authority to assess these attorney's fees under 2412B? Is that right? Yes, Your Honor. Okay. If that is the issue, at least it was my understanding there was some question about whether the government had timely brought this appeal. And it would seem to me that if that is the sole issue, then why would it not be in fact the case that the order that is relevant here is the March 2018 order? In other words, there was no need to file an objection to the action of the mastery judge later regarding the amount of fees. I'm sorry. Again, I did not mean to speak over here. I apologize. I misunderstood your question. The only substantive issue here, yes, Your Honor, is under 2412B, was the district court correct in its interpretation of that statute? We do believe, and I do want to say that I think this court's firm waiver rule has the effect of barring the government's appeal in this matter. Well, what I'm saying is it seems to me the natural and necessary implication of your answer to the first question is that the firm waiver rule really isn't at play here. Because the magistrate judges, at least my recollection of the record here is the magistrate judge's recommendation went towards the amount of fees. It did not implicate the sole issue before us, which is the district court's power to award fees. And it was just when those fees became some certain that the matter became final. But what we're talking about, are we not, is the question of preservation, whether they preserved their objection. So why didn't they preserve their objection when they objected to the sole issue that is before us now? Thank you, Your Honor. They certainly did object back after the district court's, I believe it was the June 2017 entry of judgment, that issue was litigated before the district court. So if the court takes the view that that is the objection and that wasn't waived through the government's conduct, then yes, that issue is done. We would submit that the government, through affirmatively and voluntarily coming to the court, along with plaintiffs, but voluntarily and affirmatively coming to the court, suggesting the use of a special master, consenting to the use of a special master, and saying, judge, district court judge, you should appoint a special master to determine this question. And at no time during that did they object. The special master was just doing the math. It's unlike a typical referral to one of our magistrate judges that do substantial substantive work. This was just the equivalent of a law clerk to the judge to do the math. And I just don't see how the waiver rule would apply in those circumstances to the substantive rule that we're discussing on appeal. I hear your position, Your Honor. I just wanted to answer Judge Holmes' question, but I believe it's the consent and the affirmative action after the objection was made before the district court. I'm happy to turn back to the substance of... And I would have made the firm waiver argument also if I were in your shoes, so don't take me wrong. No, sir. But you're asking us on the merits to adopt an interpretation of the statute that would be different than every circuit that's looked at it, correct? Yes, we would ask that we have... Pardon me. Yes, we are asking that. And then secondly, the other circuits that have looked at this, that would be the 8th, the 9th, and the 11th, I believe. The government has raised the specter of a circuit split, and with respect to those circuits, none of them, in their opinions, did a statutory analysis. Not one. And so if you look at those cases, they don't look at the text of the statute. They don't look through the canons of statutory interpretation. They may consider in passing sovereign immunity, but they don't do a textual analysis. And I think that's required, and it would be incumbent on this court to do so. Secondly, those circuits, to the extent that they state a rationale, some of them just adopt the rules of other circuits, to the extent they do that, they're picking and choosing one or two points from the legislative history, and I think the legislative history helps us. I don't think we need to get to it, but it's certainly murky at best. You can look over a crowd and pick out your own friend. That doesn't make the best argument. But to Your Honor's question, yes, other circuits have decided the other way. Yes, we are asking you to affirm the district court to determine that any statute includes state statutes, but I think the reasons are the court would need to do its own textual analysis, and we can discuss that here in the remaining time, but I think we have, and the questions of appellant were important, and I think to just pick up on a few of those, I don't believe the FTCA really has any bearing here on the interpretation of 2412B. 2412B, pardon me, the FTCA is talking about contingency fees, and it's limiting the amount that counsel can, the private agreement between counsel and the client. That's wholly different than what 2412B is doing, which is saying, we want the United States to have the same liability for fees and expenses, pardon me, to the same extent as any other party. That's a different goal. They both discuss attorney's fees, certainly, but that is a fee-shifting provision, and that is different in time than what the FTCA is doing, and I believe it's 2678. So, our view of the statute is, and of the district court's order, is that any statute literally means that. Judge Holmes, to your question, that qualifier matters. The word statute appears six times in the act, in this portion of the act. Four of those times, there's no modifier or article. One time, buried down in 2412D, I think it's 2412D5D Romanette 3, it talks about the statute upon which a plaintiff filed suit. That's the language that the government is trying to import to 2412B, but it doesn't exist here. Had the government wanted, pardon me, had the Congress wanted to use that language, it would have. It used it elsewhere. I'm not suggesting that provision applies here. I'm just saying that's the language that Congress used elsewhere. If that qualifier did apply here, you admit that the statute under which they filed suit was the PLA, not the CRUS, right? Yes, ma'am. We didn't. Your Honor, pardon me. The cause of action is based on a different statute than the right of attorney's fees. Yes, Your Honor. Here, we brought the claim under the PLA. The government introduced CRUS. CRUS has the fee-shifting provision. I do want to say, I think the language that the government is trying to say imports a requirement that the cause of action be the same statute that shifts fees, right? The language in 2412B doesn't bear that weight. It says any statute, reading from the second sentence of 2412B, any statute which specifically provides for such an award. We're not ignoring that language. It does limit. It means that the statute has to specifically provide for an award. It can't be implied. It can't be read into. It has to specifically provide for that. CRUS does that, and it's any statute that does that. And I think the argument of your opponent, if I could get your view of this, is that that second sentence refers back to the prevailing party in any civil action, which makes you focus on the action itself, the statute under which the action was brought. I think, I hope I'm paraphrasing the argument correctly. Well, yes, Your Honor. I mean, certainly the two sentences of 2412B work together. And I think any statute in the second sentence, I think the two sentences tie together in a different way, if I may. I think the way they tie together is the end of the second sentence for such an award, such an award refers back to an award of attorney's fees that can be entered. And this provision is extremely broad. It says in any action, pardon me, any civil action, right, in any court having jurisdiction, it permits an award, the United States will be liable to the same extent as any other party and under any statute. And so I think that's the way the two sentences tie together, that they put together a structure that is treating the United States the same as any other party. And it's extremely broad. This is not, I believe, as the government suggests, kind of a gap filler. This isn't how you draft a gap filling statute. This is extremely broad. The word any, I think, applies, pardon me, appears six times in this short provision. And those four are the key ones. And so when you're writing broad language like that, it's important to interpret it that way. I apologize, Your Honor, I can't use the NFL. But they certainly do work together, and I think it's very broad language. And so if I may take a step back, make a few final points here. I think the text is clear. I think it supports our position. I do want to address very briefly the sovereign immunity canon of statutory interpretation. That's just a canon of interpretation. You don't throw everything else out simply because sovereign immunity is at issue. Certainly, no one is disputing that this provision waives sovereign immunity. The question is just to what extent. So you look to the plain language. The canon of interpretation doesn't say you ignore the plain language. It says you go to that first. You need a clear statement. It can't be implied. It can't be unclear. Here, we would submit it is clear, and so that canon doesn't need to be applied. If it does need to be applied, you can look at other instances where the courts have applied it. And you have cases where someone has cobbled together two different provisions, and they're applying the right to a waiver of sovereign immunity or something like that. Here, it's quite clear. So if we were to find the language is ambiguous, what is the implication of that? I think if you were to find the language was ambiguous, one, I don't want to fight the question, Your Honor, but I do not think it's ambiguous. I get that. There was an if there. If we were to find it to be ambiguous, what would be the implication of that? I think if you went through the entirety of the canons of statutory interpretation and after following those, you found it to be ambiguous, then I think that as to the scope of the waiver, I think. Would we construe it narrowly at that point? Well, I think the difficulty is in some cases where you're applying that canon, right, it's the scope of the waiver isn't clear, and you then use it to interpret the scope of it. Here, I think the waiver is clear. I do say if you did find it to be ambiguous after doing a full statutory analysis, I guess, yes, it would tilt the balance in favor of the government. I do want to say, Your Honor, if I may, I think the reason, if it is a closed question, that doesn't happen is because it says any statute, and the word any has to mean something. Whatever it means, it is not a word of limitation. You can have cases about, you know, does it literally mean any? Is it expansive? Is it just providing an example? Here, it does something, and it needs to do something, and Congress used it in one purpose. I apologize. My time is up. Counsel, your time has expired. We appreciate your arguments this morning. Those were quite helpful. Counsel excused, and the case shall be submitted. Thank you.